**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1017**

---

MOATS CONSTRUCTION INC,

            Plaintiff - Appellant,

RUSSELL T. MOATS,

            Defendant - Appellant,

      v.

NEW BEACH CONSTRUCTION PARTNERS INC; TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA; LANA CAVASSA, individually,

            Defendants - Appellees.

---

Appeal from the United States District Court for the District of South Carolina, at
Anderson.  Jacquelyn Denise Austin, Magistrate Judge.  (8:17-cv-02009-JDA)

---

Submitted:  September 13, 2022            Decided:  September 29, 2022

---

Before GREGORY, Chief Judge, and RICHARDSON and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** T. Jeff Goodwyn, Jr., GOODWYN LAW FIRM, LLC, Columbia, South
Carolina, for Appellants.  E. Jordan Teague, CAMPBELL TEAGUE, LLC, Greenville,
South Carolina; Sarah A. Timmons, TIMMONS LAW FIRM, Greenville, South Carolina,

for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moats Construction, Inc. ("MCI"), and Russell T. Moats appeal from the magistrate judge's order granting judgment to New Beach Construction Partners, Inc. ("New Beach"), and Travelers Casualty and Surety Company of America ("Travelers") following a bench trial. The litigation stemmed from the alleged breach of a subcontractor agreement entered into between MCI and New Beach; MCI brought suit against New Beach and Travelers, raising, inter alia, claims against New Beach for breach of the subcontract, and New Beach countersued, raising counterclaims including breach of contract and trespass against MCI and its owner, Moats. On appeal, MCI and Moats contend that the magistrate judge erred in (1) finding in favor of New Beach on MCI's breach of contract claim, (2) finding in favor of New Beach and awarding actual damages on New Beach's breach of contract counterclaim, (3) finding in favor of New Beach and awarding actual and punitive damages on New Beach's trespass counterclaim, (4) granting Travelers' Fed. R. Civ. P. 52(c) motion for judgment on MCI's claim pursuant to S.C. Code Ann. § 27-1-15, and (5) granting Defendants' motion in limine to exclude evidence relating to salvage materials. We affirm.

In both an appeal from a bench trial and an appeal from the grant of judgment as a matter of law pursuant to Rule 52(c), we review "a district court's factual findings for clear error and its legal conclusions de novo." *Walsh v. Vinoskey*, 19 F.4th 672, 676 (4th Cir. 2021) (internal quotation marks omitted); *see Carter v. Ball*, 33 F.3d 450, 457 (4th Cir. 1994). "A factual finding is clearly erroneous when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Walsh*, 19 F.4th at 677 (internal quotation marks omitted). However, we will not reverse

a factual finding so long as the factfinder's "account of the evidence is plausible in light of the record viewed in its entirety," even if we "may have weighed the evidence differently." *Id.* (internal quotation marks omitted).  Finally, we review the magistrate judge's decision to exclude evidence for an abuse of discretion.  *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 161 (4th Cir. 2012).

Upon review of the parties' briefs and the record in light of the applicable standards, we find no reversible error.  Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*